# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BRION BROWN,

        Plaintiff,

v.

MATT STANLEY and DEPARTMENT OF CORRECTIONS,

        Defendants.

Case No. 3:25-cv-00062-SLG

## ORDER OF DISMISSAL UPON SCREENING

Defendants filed a Notice of Removal on March 27, 2015, removing this case that was originally filed in state court by self-represented prisoner Brion Brown ("Plaintiff") to federal court.[1] On April 22, 2025, at Docket 8, Plaintiff filed a motion to file an amended complaint, and on April 28, 2025, at Docket 9, Plaintiff filed a proposed amended complaint against the Alaska Department of Corrections ("DOC") and Assistant Superintendent Matt Stanley—who is also the Prison Rape Elimination Act ("PREA") coordinator ("Defendants").

The Court GRANTS Plaintiff's motion at Docket 8 to file the Amended Complaint at Docket 9, and will screen that complaint rather than the original complaint. In the Amended Complaint, Plaintiff alleges that "around the year 2023" he was subjected to cruel and unusual punishment because Defendants housed

---

[1] Docket 1. *See also Brown, Brion v. Stanley, Matt et al.,* Case No. 3SW-24-00064CI.

Plaintiff "in the same housing module as the victim who filed a PREA complaint against [Plaintiff], where he suffered verbal abuse from other prisoners."[2] He also alleges that Defendants violated DOC policy and the PREA by housing him in the same module as the PREA complainant.[3] For relief, Plaintiff seeks an order "relieving Matt Stanely of his duties as PREA coordinator and Assistant Superintendent" and an order for "reinstating [Plaintiff] (1) year of good time back."[4] Plaintiff also filed a "Motion to Issue Evidence" requesting an order "demanding the defendants to reply and answer to the witness interrogatory questions."[5]

The Court has now screened Plaintiff's Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A and finds it fails to state a plausible claim upon which relief could be granted. For the reasons explained below, amendment is futile, and the Complaint is DISMISSED with prejudice. But because this case was originally filed in state court, this dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).[6]

---

[2] Docket 9 at 1.

[3] Docket 9 at 1.

[4] Docket 9 at 1.

[5] Docket 6.

[6] *Harris v. Mangum,* 863 F.3d 1133, 1141 (9th Cir. 2017) (holding that dismissal of a case originally filed in state court and then removed to federal court does not constitute a strike because the prisoner did not bring the action "in a court of the United States" as required by § 1915(g)).

Case No. 3:25-cv-00062-SLG, *Brown v. Stanley, et al.*
Order of Dismissal upon Screening
Page 2 of 9
Case 3:25-cv-00062-SLG     Document 10     Filed 07/28/25     Page 2 of 9

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[7] In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[8]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[9] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[10]

---

[7] 28 U.S.C. §§ 1915, 1915A.

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[10] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:25-cv-00062-SLG, *Brown v. Stanley, et al.*
Order of Dismissal upon Screening
Page 3 of 9
Case 3:25-cv-00062-SLG    Document 10    Filed 07/28/25    Page 3 of 9

**DISCUSSION**

Plaintiff has filed multiple lawsuits in this Court that have been dismissed, including other lawsuits involving housing module decisions in state correctional facilities.[11] In two of his cases before this Court, Plaintiff received a "strike" pursuant to 28 U.S.C. § 1915(g) after he failed to respond to the Court's orders.[12]

## I. Requirements to State a Claim

To determine whether a complaint states a valid claim on which relief may be granted, a court considers whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[13] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[14] Factual allegations may not be speculative; rather, a plaintiff must plead "factual content

---

[11] *See Brown v. State of Alaska,* Case No. 3:22-cv-00200-SLG, Docket 7 (Plaintiff alleged that he was wrongfully denied housing in a mental health module at Spring Creek Correctional Center.); *Brown v. Milburn, et al.,* Case No. 3:23-cv-00038-JMK, Docket 10 (Plaintiff challenged an unwritten rule that prisoners caught fighting were unable to return to the Lima Module.)

[12] *See Brown v. Alaska Parole Bd. & Dept. of Corrections,* Case No. 3:23-cv-00101-JMK, Docket 8; *Brown v. Milburn, et al.,* Case No. 3:23-cv-00038-JMK, Docket 10.

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[14] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:25-cv-00062-SLG, *Brown v. Stanley, et al.*
Order of Dismissal upon Screening
Page 4 of 9
Case 3:25-cv-00062-SLG   Document 10   Filed 07/28/25   Page 4 of 9

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[16] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[17] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[18]

## II. Civil Rights Actions

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[19] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[20] To be deprived of a right,

---

[15] *Iqbal*, 556 U.S. at 678.

[16] Federal Rule of Civil Procedure (FRCP) 8(a)(2).

[17] *Id.*

[18] *Id.* (internal citations and quotations omitted).

[19] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[20] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Case No. 3:25-cv-00062-SLG, *Brown v. Stanley, et al.*
Order of Dismissal upon Screening
Page 5 of 9
Case 3:25-cv-00062-SLG    Document 10    Filed 07/28/25    Page 5 of 9

the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by federal law.[21] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[22]

### A. Cruel and Unusual Punishment

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners.[23] The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; including adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates[.]"[24] To the extent that prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.[25] A federal court grants deference to state prison policies, protocols, and procedures and should be cautious when asked to

---

[21] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995).

[22] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[23] *See Hudson v. McMillian,* 503 U.S. 1 (1992).

[24] *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984).

[25] *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Case No. 3:25-cv-00062-SLG, *Brown v. Stanley, et al.*
Order of Dismissal upon Screening
Page 6 of 9
Case 3:25-cv-00062-SLG     Document 10     Filed 07/28/25     Page 6 of 9

intervene in the operation of a state prison.[26] Here, Plaintiff challenges the PREA coordinator's decision to house Plaintiff in the same housing unit as a prisoner who filed a PREA complaint against him. He alleges that he has suffered verbal abuse from other prisoners as a result of this placement.[27]

Plaintiff's First Amended Complaint fails to state a cognizable claim for relief. Neither the Eighth Amendment nor the Fourteenth Amendment endows prisoners with a right to be housed in a particular part of the prison.[28] Moreover, verbal harassment or abuse generally does not violate a prisoner's Eighth Amendment Rights.[29]

### B. Department of Corrections Policy 808.2011(a)

An alleged violation of a state regulation or prison policy does not, by itself, give rise to a federal constitutional claim under Section 1983.**[30]** Only if the events

---

[26] *See Beard v. Banks*, 548 U.S. 521, 528-30 (2006); *see also Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

[27] Docket 9 at 1.

[28] *See Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) (no liberty interest in placement in particular facility); *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (holding there is no constitutionally protected right to be housed in the institution of one's choice); *Bjorlin v. Hubbard*, Case No. CIV s-09-1793 GEB GGH P., 2010 WL 457685, *1 (E.D. Cal. 2010) (prison officials' housing and classification decisions do not give rise to federal constitutional claims).

[29] *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation omitted) ("Verbal harassment or abuse … is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.").

[30] *Cousins v. Lockyer,* 568 F.3d 1063, 1070 ("There is no § 1983 liability for violating prison policy. Plaintiff must prove that the official violated his constitutional right.") (alterations and citation omitted).

Case No. 3:25-cv-00062-SLG, *Brown v. Stanley, et al.*
Order of Dismissal upon Screening
Page 7 of 9
Case 3:25-cv-00062-SLG     Document 10     Filed 07/28/25     Page 7 of 9

complained of rise to the level of a federal constitutional violation, independent of whether or not the events constitute a failure to adhere to a state prison regulation, will they support a claim under Section 1983.[31] Consequently, because Plaintiff's claims do not establish a federal constitutional violation, he cannot state a claim under Section 1983 for an alleged violation of prison policy.

### C. No Private Right of Action under PREA

PREA was enacted to address the issue of and establish national standards for the detection, prevention, reduction, and punishment of prison rape.[32] It does not provide a private right of action that allows a prisoner to sue a correctional officer for an alleged violation of PREA.[33] Therefore, Plaintiff cannot state a claim under the PREA.

## CONCLUSION

For the reasons set forth above, Plaintiff has failed to state a plausible claim upon which relief could be granted. Further, there is no additional facts consistent

---

[31] *Sandin v. Conner,* 515 U.S. 472, 483–84 (1995) (holding that due process liberty interests created by prison regulations are "generally limited to freedom from restraint" that "imposes an atypical and significant hardship" on the prisoner "in relation to the ordinary incidents of prison life").

[32] 34 U.S.C. § 30302(1) ("[The purpose of the Act is to] establish a zero-tolerance standard for the incidence of prison rape in prisons in the United States[.]").

[33] *See* 34 U.S.C. § 30307 (explicitly directing the Attorney General to enforce compliance with the PREA); *Alexander v. Sandoval,* 532 U.S. 275, 286 (2001) (explaining that absent Congressional intent "to create not just a private right but also a private remedy ... a cause of action does not exist").

Case No. 3:25-cv-00062-SLG, *Brown v. Stanley, et al.*
Order of Dismissal upon Screening
Page 8 of 9
Case 3:25-cv-00062-SLG    Document 10    Filed 07/28/25    Page 8 of 9

with the Amended Complaint's allegations that could cure this deficiency. Moreover, as previously noted, Plaintiff has filed multiple lawsuits challenging various prison officials' decisions regarding his placement in housing units and has received two "strikes" after he failed to comply with the Court's orders. Therefore, the Court finds amendment to be futile and must dismiss this case with prejudice.

**IT IS THEREFORE ORDERED:**

1. The motion to file an amended complaint at Docket 8 is **GRANTED**.

2. The Amended Complaint at **Docket 9 is DISMISSED** for failing to state a claim upon which relief could be granted.

3. This dismissal will **not** count as a "strike" against Plaintiff.

4. The "Motion to Issue Evidence" at **Docket 6 is DENIED**.

5. All other pending motions are **DENIED as moot.**

6. The Clerk of Court shall issue a final judgment and close this case.

DATED this 28th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00062-SLG, *Brown v. Stanley, et al.*
Order of Dismissal upon Screening
Page 9 of 9
Case 3:25-cv-00062-SLG    Document 10    Filed 07/28/25    Page 9 of 9